## MARGARET FORBES *v.* PHILLIP DRUMM.

Where property was sold with the agreement that the vendee was to retain a certain portion of the price until the vendor had procured the release of the interests of other parties in such property, and prior to the performance of this condition, the vendee transferred the property to another person without mention of the encumberances—*Held :* That the fact of this subsequent purchaser's taking possession of this property and his payment of the balance which was to have become due to the original vendor upon his performance of the condition, does not prevent him, when sued by his immediate vendor, from insisting upon the performance of the condition.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *J. Livingston,* for plaintiff.  *Michel & Koontz,* for defendant and appellant.

MERRICK, C. J.  The defendant bought at auction on the 7th day of June, 1854, a lot of ground for $2,325, part cash and part credit.

The lot sold, formerly belonged to the community between the succession of *Mary Ann Williamson,* deceased, and her surviving husband *John Alexander.* In the settlement of this community, *Alexander,* who held also the usufruct of the common property, transferred to the plaintiff, one of the three heirs of the deceased, the lot in question, and covenanted to procure the release of the interest of the other heirs; the plaintiff retaining $700 of difference in his hands until the release should be obtained.

At the time of the auction, one *J. D. G. Quirk* held an interest of one-sixth (subject to said usufruct) in the community, by inheritance from his minor child, a grandchild of the deceased.

When the parties came to complete the sale before the Notary in November, 1854, *Drumm* refused to accept the title unless the last note, which is described as being payable to his (*Drumm's*) own order, at one year after date, for $387 50 bearing six per cent. interest to maturity and eight per cent. after, should be deposited with the Notary, " until said vendor shall produce and have annexed to this act an abandonment and quit claim according to law from *J. D. G. Quirk* to all or any right, title, property interest, claim and demand whatever which he now has or may hereafter have on the lot of ground buildings and improvements herein conveyed or any portion thereof. "

This renunciation has never been obtained.  *Drumm* also covenanted in the act of sale to pay the $700 due from the plaintiff to *John Alexander* in December, 1858, but no mention was made of the condition by which *Mrs. Forbes* was permitted to defer payment until her title was perfected.

The notarial act of sale *mentions* that the notes were marked *ne varietur* by the Notary.  The promissory note sued on corresponds in every particular with the note described in the act of sale, except it is not marked " ne varietur. " And, *J. M. Burke,* who signed the act as agent for plaintiff, was called by her as a witness, and without intimating that there was more than one note, said that the sale was made at auction some time in June, *and the note was dated back.*

We think the identity of the note is sufficiently established.

Taking possession of the property and the payment of the $700 to *John Alexander* did not waive defendant's right to insist on the condition.  The contract was silent as to the condition in plaintiff's favor on the debt of $700.

*Drumm's* knowledge of the outstanding title in *Quirk* does not prevent him from insisting on the condition, for it was this knowledge which caused defendant to adopt that mode of protecting himself.

It is clear that the potestative condition upon which the note was to become exigible has not happened. According to the well settled rules of law, plaintiff cannot recover. See *McDonogh* v. *Zacharie*, 3 L. R. 318 ; same *v.* same, 5 L. R. 252 ; C. P. 158.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed and that there be judgment in favor of the defendant as in case of non-suit, plaintiff paying the costs of both courts.